| STATE OF INDIANA | ) | IN THE LAKE COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| LAKE COUNTY | ) | CAUSE NO. |

| THE CINCINNATI INSURANCE COMPANY, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OHIO SECURITY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND FOR EQUITABLE CONTRIBUTION/SUBROGATION**

Comes now Plaintiff, The Cincinnati Insurance Company ("CIC" or "Plaintiff"), by David A. Mack of Huelat & Mack P.C., and for its Complaint for Declaratory Judgment and for Equitable Contribution/Subrogation against Defendant, Ohio Security Insurance Company ("OSIC"), hereby states as follows:

**INTRODUCTION**

1. This is an action for Declaratory Judgment under Rule 57 of the Indiana Rules of Trial Procedure and under the Indiana Uniform Declaratory Judgment Act, 34-14-1-2, *et seq*. It is also an action for equitable contribution/subrogation by one insurance carrier against another, for the Defendant carrier's delinquency in bearing a shared contractual insurance obligation.

2. A controversy has arisen between CIC and OSIC regarding the existence or extent of insurance coverage under their respective insurance policies, for defense and indemnity coverage with respect to the pending matter of *Jamie Christ v. Mid-States Concrete Construction, LLC*, Cause No. 45D02-2011-CT-001172 in the Superior Court of Lake County, Indiana ("Underlying Lawsuit"), which CIC is currently defending subject to Reservation of Rights.

3. CIC seeks a declaration of its rights and legal relations arising from separate policies of commercial general liability insurance issued by CIC and OSIC, with respect to CIC's and OSIC's mutual duty to provide a defense and potentially provide indemnity coverage.

4. CIC has been providing a defense to certain parties in the Underlying Lawsuit (see identification of the "Defended Parties" below). OSIC shares in the duty to defend those same parties under a separate insurance policy issued by OSIC. Yet, after repeated tenders by the Defended Parties, OSIC has neither accepted CIC's tender nor explained the basis of its refusal to do so.

5. It is appropriate that the Court issue a Declaratory Judgment declaring that OSIC has a duty to defend the Defended Parties, further has a duty to reimburse CIC for OSIC's fair share of the cost of defense, and a duty to share in any pertinent indemnity obligation.

## PARTIES, JURISDICTION AND VENUE

6. The Cincinnati Insurance Company is an insurance company duly authorized and existing under the laws of the State of Ohio with its principal places of business in Fairfield, Butler County, Ohio.

7. Upon information and belief, OSIC is now and has been at all times relevant hereto an insurance company, incorporated in the state of New Hampshire, with its principal place of business in Boston, Massachusetts. OSIC is therefore a Citizen of the States of New Hampshire and Massachusetts for jurisdictional purposes.

8. All parties are business entities doing business in Indiana.

9. The Underlying Lawsuit which is the subject of the defense and indemnity obligation is venued in Lake County, Indiana, and involves an underlying accident related to the Cline Avenue Bridge project, in Lake County, Indiana.

## THE CONTRACTS

10. CIC issued Policy No. EPP0173510 to Risch Construction, Inc., under which CIC is providing a defense to the Defended Parties. See **Exhibit 1** (CIC Policy).

11. OSIC issued a Commercial General Liability Policy of insurance to Mid-States Concrete Construction, LLC, under Policy No. BLS (19) 56 19 32 88, subject to an Each Occurrence Limit of One Million Dollars ($1,000,000.00). See **Exhibit 2** (OSIC Policy Declarations).

12. OSIC issued a Commercial Umbrella Liability Policy of insurance to Mid-States Concrete Construction, LLC, under Policy No. USO (19) 56 19 32 88, subject to an Each Occurrence Limit of Ten Million Dollars ($10,000,000.00) (The OSIC Policies are referenced collectively as the "OSIC Policy"). See *Id.*

13. Mid-States (OSIC's Named Insured) and Risch (CIC's Named Insured) agreed in writing to provide "Additional Insured" status, and/or otherwise agreed to defend and indemnify the Defended Parties, thereby obligating OSIC and CIC to provide a defense, subject to the requirements of their respective Policies.

14. Upon information and belief, the CIC Policy and OSIC Policy both provide for indemnity and defense to parties having "additional insured" status or to parties to an "insured contract", subject to the respective Policy provisions.

## THE UNDERLYING LAWSUIT AND ITS DEFENSE

15. In the Underlying Lawsuit, the Underlying Plaintiff alleges that he was injured on the Cline Avenue Bridge Project, while "performing work for his employer, Risch Construction,

in the precast building on cell 2 in the core during a concrete pour ….." See **Exhibit 3** (Underlying Complaint).

16. The Underlying Complaint references CIC's Named Insured, Risch (although Risch is not a party Defendant) and further alleges negligence on the part of OSIC's Named Insured, Mid-States, as well as on the part of the Defended Parties.

17. Both CIC and OSIC received tenders of defense and indemnity from Defendants in the Underlying Action, namely from Cline Precast, LLC, Figg Bridge Builders, LLC, Figg Bridge Engineers, Inc., Figg Bridge Managers, LLC, Figg Bridge Inspection, Inc., Figg Bridge Group (the "Figg Defendants"), as well as Defendants Cline Avenue Bridge, LLC, and its affiliates United Bridge Partners and United Bridge Operating, LLC (the "Owner Defendants") (collectively the "Defended Parties"), on grounds of "additional insured" and/or "insured contract" status on the insurance policies issued by CIC and OSIC to their respective Named Insureds.

18. CIC has been providing a defense to the Defended Parties, subject to reservation of rights. CIC and the Defended Parties have requested repeatedly that OSIC participate in the defense and settlement efforts on behalf of the Defended Parties, but OSIC incorrectly refused to participate.

19. OSIC has a duty to defend the Defended Parties and should not be permitted to profit from wrongful failure to fulfill the terms of its contract at the expense of CIC, which properly has acknowledged a duty to defend. If insurance carriers are permitted to escape their duty to defend, it would encourage other carriers to wrongfully deny the insured a defense in the hopes that another carrier such as CIC would step up, admit defense coverage, and pay for the defense, thereby absolving the obstinate carriers of any responsibility to fulfill their contractual obligations.

20. OSIC further has a duty to share with CIC in any pertinent indemnity exposures, subject to the provisions of the insurers' respective Policies.

21. CIC requests that the Court issue a judgment declaring of the rights, status and legal relations of the parties, and thereby terminate uncertainty and controversy, as to whether OSIC owes insurance coverage for indemnity or defense to the Defended Parties with respect to the Underlying Lawsuit.

22. CIC further requests that the Court award judgment in favor of CIC and against OSIC for equitable contribution/subrogation of OSIC's fair share of the defense and indemnity costs incurred on behalf of the Defended Parties.

**FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT**

23. Based upon the foregoing averments, it is appropriate that the Court issue a Declaratory Judgment declaring that OSIC owes a duty to defend the Defended Parties and in turn has an obligation to reimburse CIC for past and future defense costs incurred.

24. Although the existence and extent of coverage is uncertain with respect to indemnity (CIC has reserved its rights in this regard), since CIC and OSIC share the same obligations, it is further appropriate that the Court issue a Declaratory Judgment declaring that OSIC owes a duty to indemnify the Defended Parties to the same extent as CIC may owe.

**SECOND CAUSE OF ACTION –EQUITABLE CONTRIBUTION/SUBROGATION**

25. CIC and OSIC both owe a common insurance obligation with respect to the same parties, for the same interest in the same risk of the same casualty, such that CIC and OSIC stand in equal right and in equity should share an equality of burden for which CIC has discharged more than its fair share of the common obligation and for which OSIC is required to carry an equal portion.

26. Based upon the foregoing averments, it is appropriate that the Court issue a Judgement for Damages in favor of CIC and against OSIC for all costs incurred by CIC, in the past or in the future, in the defense and/or indemnity of the Underlying Lawsuit.

27. Upon information and belief, OSIC has never reserved its rights or explained its coverage position to the Defended Parties or to CIC. Therefore, as a matter of equity, OSIC's coverage defenses have been waived and OSIC is estopped from asserting its Policy as against CIC's present action for Declaratory Judgment and Equitable Contribution/Subrogation.

28. CIC has provided and continues to provide a defense to the Defended Parties, but the defense has been and will continue to be subject to CIC's full Reservation of Rights and no pleading, or other action or communication on the part of CIC should be construed to waive, void or modify any provision of the CIC Policy and CIC continues to reserve all of its Policy provisions without waiver.

WHEREFORE, Plaintiff, The Cincinnati Insurance Company, prays, by counsel, for the following relief:

A. Declaratory Judgment as to the respective rights and obligations of CIC and OSIC, declaring that OSIC is obligated to pay its fair share of defense and/or indemnity in the Underlying Lawsuit, including a declaration of what OSIC's fair share should be.

B. A judgment for damages in favor of CIC and against OSIC for equitable contribution/subrogation, reimbursing CIC for all past costs associated with Defended Parties' defense.

C. A judgment in favor of CIC and against OSIC for CIC's attorney fees and costs expended in pursuing the within action.

D. Any further relief in favor of CIC which the Court may find just and equitable.

## INDEX OF EXHIBITS

**Exhibit 1** – Certified Policy issued by The Cincinnati Insurance Company

**Exhibit 2** – Policy Declarations of the Policy issued by Ohio Security Insurance Company (to be supplemented upon OSIC providing its complete Policy, as required by law).

**Exhibit 3** – Underlying Complaint from *Jamie Christ v. Mid-States Concrete Construction, LLC*, Case No. 45D02-2011-CT-001172.

Respectfully submitted,

/s/ David A. Mack
David A. Mack, #17831-84
Huelat & Mack P.C.
286 West Johnson Road, Suite G
LaPorte, IN  46350
Telephone:  219/879-3253
Facsimile: 219/879-3090
E-Mail: dmack@huelatandmack.com
Attorneys for Plaintiff